In the Matter of the Estate of LOUISE D. REYNOLDS, Deceased.

Surrogate's Court, Broome County, January 14, 1953.

*Frederick J. Meagher* for Arley Sweetland, petitioner.

*Samuel H. Pearis, C. Addison Keeler* and *Emory C. Resseguie,* in person, for Emory C. Resseguie, respondent.

PAGE, S. Louise D. Reynolds died May 28, 1952. A proceeding for the probate of her alleged last will and testament was instituted by the filing of a petition and issuance of a citation on the 22d day of July, 1952. The propounded will was dated the 26th day of April, 1948. The proceeding for its probate remains pending.

Since the pendency of the above-mentioned proceeding for probate began, one Arley Sweetland, by petition filed on the 5th day of September, 1952, and order to show cause issued thereupon, instituted a separate proceeding pursuant to the provisions of section 137 of the Surrogate's Court Act for the purpose of examining Emory C. Resseguie, one of the executors named in said propounded will and sole respondent herein, in relation to other wills of deceased which might be in his possession or under his control.

Upon the return of the said order to show cause, said Emory C. Resseguie having appeared and admitted that he had a number of wills of said deceased in his possession, an order was issued directing their production in this court and according to the petitioner herein an opportunity to examine the respondent concerning them, or any others of which the respondent might have any knowledge.

An appeal from this order was instituted and remains pending. However, on the 9th day of January, 1953, said Emory C. Resseguie, accompanied by his counsel, together with counsel for the petitioner herein, produced said wills (five in number) and counsel for the petitioner herein examined him concerning the same. Also, it was developed by this examination that the respondent has knowledge of no wills of the deceased other than those filed in this court and the five produced but not filed, and

that the petitioner herein is not in any way mentioned in any of the known wills of said deceased.

Upon the conclusion of such examination, motions were made by counsel for the petitioner herein as follows: (1) that the respondent be directed by the court to file the five wills produced as aforesaid, and (2) that, in the event of the court's not directing such filing, the pending probate proceeding for the alleged last will and testament of said deceased be stayed pending appeal by the petitioner herein from this court's denial of the motion to order the filing of said wills.

A counter motion was made by counsel for the respondent herein that the present proceeding be dismissed on the ground that the production of wills other than those already filed has been completed without a showing that the petitioner herein was in any way mentioned in any of them.

Counsel for the petitioner herein requested that a formal order be settled and entered herein for the purpose of enabling him to take an appeal therefrom. This decision is for the guidance of counsel in relation to the settlement of such an order.

Since the proceeding for the probate of the alleged last will and testament of said deceased still remains pending, beneficiaries named in wills of deceased antedating her alleged last will and testament (as to any of them who are omitted in the alleged last will and testament, or given a lesser benefit therein) are, conditionally, in a position identical with that of a distributee. The condition is that the will supporting such a position must have been filed. (Surrogate's Ct. Act, § 140.) Upon this condition being satisfied, they become necessary parties in the proceeding for probate and have the right to file objections to the alleged last will and testament.

Despite the fact that he is not named in any of them, the petitioner has moved that the respondent herein be directed to file the five precedent wills of the testatrix.

The only statutory provisions having in any way to do with the acquisition by surrogates of the physical possession of wills, other than those filed for probate, appear to be sections 30 through 33 of the Decedent Estate Law. By section 30 it appears that the Surrogate, " shall receive and deposit in his office, any last will or testament of a resident of the county in which such will is to be deposited which any person *shall deliver to him* for that purpose ". (Emphasis supplied.)

In this case, the precedent wills here in question were not delivered or proposed to be delivered by the petitioner. They **are in the possession and under the custody and control of the**

respondent. He, the respondent herein, does not wish to deliver their custody to the Surrogate and this court is without authority to order him to do so.

Moreover, the only apparent purpose of section 30 of the Decedent Estate Law (as well also as of §§ 31, 32 and 33) is a device for extending the functions of a surrogate's office to the safekeeping of wills. Presumably wills referred to in section 30 of the Decedent Estate Law would be ambulatory, that is those of living persons. As shown by section 33 of the Decedent Estate Law a duty is imposed upon the Surrogate in whose office such wills have been deposited to be performed after the death of the testator, consisting of the Surrogate's publicly opening and examining the same and making known the contents thereof and that he shall *then file* the same in his office. Thus it appears that the filing contemplated by the statute (Surrogate's Ct. Act, § 140), in relation to the statutory definition of necessary parties respondent in a probate proceeding, insofar as a beneficiary named in an unpropounded will is concerned, is that any such will must have been *filed*. This is quite a different matter than its reception for safekeeping, as contemplated by section 30 of the Decedent Estate Law. A petitioner who is not a distributee and not named in any will of a deceased person is not qualified to require that a will or wills of the deceased be filed. This being the status of the petitioner herein, his motion that the respondent be required to file the five precedent wills here in question must be denied.

The petitioner's position in respect to his motion that the pending probate proceeding above referred to be stayed is, likewise, untenable. He is not a party in the probate proceeding, nor qualified to become such. This leaves him with no status in that proceeding whatever for any purpose.

Moreover, the probate proceeding involves the interests of parties respondent who are in no way connected with the present proceeding. Even if a stay of the probate proceeding were to be ordered, such ruling would not be binding upon parties in the probate proceeding who are not involved in the present proceeding under section 137 of the Surrogate's Court Act.

The examination herein has shown that the respondent has produced all testamentary instruments executed by the deceased which are or, at any time, were in his possession or under his control or concerning which he has any knowledge. Therefore, without prejudice to petitioner, upon a sufficient showing of additional information in relation to the respondent's having come

into possession of still other wills or codicils of this deceased, or acquired some knowledge concerning such testamentary instruments, reopening the present or instituting a further proceeding for the same purpose, the motion for dismissal of the present proceeding is granted.

As stipulated, order in accordance with this decision will be settled and filed January 16, 1953, at 2:00 P. M.